**UNITED STATES OF AMERICA**

        **v.**

**DEMETRUS DONNI HOWARD**

_____/

**CASE NUMBERS:**
**Criminal No. 3:03cr68-LAC**
**Civil No.     3:06cv51-LAC/MD**

## GOVERNMENT'S RESPONSE TO DEFENDANT DEMETRUS DONNI HOWARD'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 2255

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, and in response to defendant **DEMETRUS DONNI HOWARD'S** Motion to Vacate, Set Aside, or Correct Sentence Pursuant to Title 28, United States Code, Section 2255, shows unto the court the following:

## I. STATEMENT OF THE CASE

(i)    <u>Course of Proceedings and Dispositions in the Court Below</u>

The defendant was indicted by a federal grand jury on June 18, 2003, and charged in Count One with armed robbery affecting interstate commerce, in violation of Title 18, United States Code, Sections 1951(a) and 2; and in Count Two with using, carrying and brandishing a firearm in relation to the armed robbery, in violation of Title 18, United States Code, Sections

924(c)(1)(A)(ii) and 2. (Doc 1). He had his initial appearance on June 25, 2003. (Docs 9, 13).;

he was arraigned before Magistrate Judge M. Casey Rodgers on June 25, 2003. (Docs 9, 13).

The defendant requested appointed counsel (Docs 10, 11); Spiro Kypreos, Esq., was appointed to

represent the defendant. (Doc 17).

On July 8, 2003, the government filed a Supplemental Enhancement Information

advising the defendant and his co-defendant, William Dickinson, that they faced increased

penalties pursuant to Title 18, United States Code, Section 924(c)(1)(A)(ii) and 2. (Doc 19).

The defendant elected to enter a guilty plea, and pursuant to a written plea agreement

pled guilty to Count One which charged him with armed robbery affecting interstate commerce,

and to Count Two which charged using, carrying and brandishing a firearm in relation to the

armed robbery on August 13, 2003. (Docs 34, 45); this change of plea occurred before Judge

Lacey A. Collier on August 13, 2003. (Doc 34).

On September 23, 2003, the Presentence Report (PSR) was transmitted to the defendant's

attorney. (Doc 40). On October 14, 2003, the defendant filed a motion to withdraw his plea of

guilty, which was opposed by the government. (Docs 44, 46, 50). At the defendant's request,

on October 28, 2003, the defendant's attorney, Spiro T. Kypreos, was permitted to withdraw and

new counsel, Robert A. Dennis, was appointed. (Docs 48, 63). On November 25, 2003, the

defendant was sentenced to a 240-month term of imprisonment on Count One, and a consecutive

84 month term of imprisonment on Count Two, to be followed by a five-year term of supervised

release, and ordered to pay a $700.00 fine and restitution in the amount of $1,782,24. (Docs 51,

53, 66). On November 26, 2003, the defendant's motion to withdraw his plea was denied. (Doc

52).

The defendant filed a timely notice of appeal (Doc 54); on November 4, 2004, the Eleventh Circuit issued a Mandate finding that the district court did not err by imposing the 7-year mandatory minimum sentence based on the co-defendant's brandishing a firearm during the commission of a crime of violence; therefore, affirming the district court's decision. (Doc 79).

The subject motion was filed on March 3, 2006, and the Court directed a response by the government by May 7, 2006. (Docs 82, 83).

(ii)     Statement of the Facts

The facts of this case are set forth in the government's July 21, 2003, appellate brief in this case, ECCA No. 03-16396-HH, a copy of which is attached as Exhibit 1 (hereinafter cited as "GB"). The facts are also set forth in the plea agreement signed by the defendant (the salient portions of which are referenced in Exhibit 1) and entered into evidence before this court on August 13, 2003 (R34), and this court's prior order regarding the defendant's motion to withdraw his guilty plea (R52), which are incorporated herein by reference, as well as being in the record of this case.

By way of summary, the defendant was the "get away driver" who waited while a co-conspirator, William Dickinson, using a gun supplied by the defendant, robbed at gun point a Domino's Pizza employee of the proceeds of pizza sales while that employee was exiting a vehicle (driven by another Domino's Pizza employee who never exited the vehicle) to make a night deposit at a local bank.

On appeal the defendant claimed, among other things, that this court improperly denied his motion to withdraw his plea[1], and committed reversible error when it imposed a seven-year consecutive sentence, based upon Title 18, United States Code, Section 924(c)(1)(A)(ii), rather than a five-year consecutive sentence, based upon Section 924(c)(1)(A)(I), arguing that the government failed to show that the defendant knew his co-conspirator would brandish the firearm during the course of the armed robbery.

In the subject motion, the defendant raises five issues; (1) that the sentence imposed in this matter was done in violation of Blakely V. Washington, 124 S.Ct. 2531 (2004) and Apprendi v. New Jersey, 530 U.S. 466 (2000), (2) that defense counsel was ineffective in failing to argue lack of jurisdiction by the lower court because "the bank involved in the case was not federally insured" and therefore the robbery had no "substantial affect on interstate commerce," (3) that defense counsel was ineffective for not preventing the court from failing ". . . to instruct the jury correctly (at the defendant's trial) on the element of a substantial affect on interstate commerce," (4) that defense counsel was ineffective for failing to insure adequate prior notice to the defendant before entry of his guilty plea that defendant's prior convictions may enhance his potential sentence, and allowing the court to use unconstitutionally obtained prior convictions to enhance that sentence without allowing the defendant an opportunity to challenge those convictions, and finally, (5) that defense counsel was ineffective for allowing the defendant to

---

[1]This argument was based on three allegations of error; (1) that the defendant's attorney allegedly failed to tell him the career criminal ramifications of his plea, based on his prior criminal history; (2) the defendant complained about his first attorney's alleged ineffectiveness in a timely manner; and (3) the plea agreement and plea colloquy allegedly failed to clearly explain to the defendant that he faced a mandatory consecutive sentence on Count Two. As established in the attached appellate response, the record refutes the defendant's allegations.

plead to offenses where the defendant did not brandish a firearm personally, and where the government failed to prove that the defendant aided and abetted others in so doing, or words to that effect.

A.    PROCEDURAL DEFAULT

All of the claims raised by the defendant could have been raised, or have in effect already been raised, on direct appeal; unless excused, they are therefore barred by procedural default absent of showing by the defendant of "cause and actual prejudice."  United States v. Frady, 456 U.S. 152, 166 (1981), Mills v. United States, 36 F.3d 1052, 1055-56 (11th Cir. 1994).

The defendant attempts to avoid this procedural bar by couching his allegations in terms of ineffective assistance of counsel.  See, e.g., United States v. Perez-Tosta, 36 F.3d 1552, 1563 (11th Cir. 1994).  Because the defendant's allegations have no basis in fact, his request for relief in this matter is procedurally barred, and should be denied.

B.    COGNIZABILITY

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. Massaro v. United States, 123 S.Ct. 1690, 2003 WL 1916677 (2003); see also, United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002); United States v. Jiminez, 983 F.2d 1020, 1022, n. 1 (11th Cir. 1993).  However, the statute allows attack on a conviction or sentence on only four grounds: 1) it was imposed in violation of the Constitution or laws of the United States; 2) it was imposed without jurisdiction; 3) it was imposed in excess of the maximum authorized by law; or 4) it is otherwise subject to a collateral attack.  28 U.S.C. § 2255.

Only constitutional claims, jurisdictional claims, and claims that are so fundamental as to have resulted in the complete miscarriage of justice are cognizable on collateral attack, even if couched in terms of inadequate representation of counsel.  United States v. Addonizio, 442 U.S. 178, 184-186, 199 S.Ct. 2235, 60 L.Ed. 2d 805 (1979); Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed. 2d 417 (1962).

A defendant's demonstration of cause and actual prejudice, which would otherwise allow a defendant to get around a procedural bar, does not render an incognizable claim cognizable.  Richards v. United States, 837 F.2d 965 (11th Cir. 1988), Green v. United States, 880 F.2d 1299, 1305 (11th Cir. 1989).

Ordinary claims of procedural error are not cognizable.  See, e.g., United States v. Timmreck, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed. 2d 634 (1979) (violation of Federal Rules of Criminal Procedure not cognizable unless violation resulted in a complete miscarriage of justice or proceeding inconsistent with the rudimentary demands of fair procedure).

Most errors in Fed. R. Crim. P. 11 plea colloquies will not support collateral relief. United States v. Timmreck, supra; Holmes v. United States, 876 F.2d 1545 (11th Cir. 1986).  A defective plea colloquy that would have resulted in vacation of a conviction on direct appeal will not necessarily result in collateral relief; a defendant is confronted with a much higher level of scrutiny on a Section 2255 challenge to a guilty plea.  United States v. Patterson, 739 F.2d 191, 194-195 (5th Cir. 1984).

As will be shown below, the defendant's allegations have no basis in fact; therefore his request for relief in this matter is not cognizable, and should be denied.

C.    INEFFECTIVE ASSISTANCE OF COUNSEL

1) *The sentence was imposed in violation of* Blakely V. Washington, *124 S.Ct. 2531 (2004) and* Apprendi v. New Jersey, *530 U.S. 466 (2000).*[2]

Beyond a blanket assertion, the defendant fails to state exactly how his sentence was illegally imposed; the government assumes his argument is that his sentence for the 924(c) violation was improperly enhanced by statute based on a finding by this court that (a) the gun used in the robbery was "brandished" during the robbery by the defendant's co-conspirator, and (b) that such an act was "reasonably foreseeable" to the defendant. This argument was specifically raised by the defendant on appeal, and rejected. The defendant was also given prior notice of the possibility of an enhanced sentence in both his plea agreement and at the time of his guilty plea, as established in Exhibit 1.

Even if counsel for the defendant had raised this particular Apprendi allegation at sentencing or on appeal, it would have been unsuccessful with regard to both the defendant's prior criminal history, or the "brandishing" issue.

Apprendi does not apply to the fact that the defendant has prior convictions; the government is not required to plead, present to the jury, or prove beyond a reasonable doubt that the defendant had a prior conviction. United States v. Rodgers, 228 F.3d 1318 (11th Cir. 2000); see e.g., Almendarez-Torres V. United States, 523 U.S. 224 (1998).

In addition, Apprendi does not apply to facts that trigger a mandatory minimum sentence; the trial judge, invoking a preponderance of the evidence standard of proof, may determine that

---

[2]The defendant does not couch this in terms of ineffective assistance of counsel; because this issue could have been raised on appeal, it should be barred on that basis alone.

certain factors have been proven (like the fact that a gun was brandished) that necessitate that the sentence may not fall below a certain statutory minimum.  United States v. Sanchez, 269 F.3d 1250, 1261-1262, 1269 (11th Cir. 2001).

> *2) Defense counsel was ineffective for failing to argue lack of jurisdiction by the lower court because "the bank involved in the case was not federally insured" and therefore the robbery had no "substantial affect on interstate commerce."*

There was no bank involved in the charges for which the defendant was convicted; the armed robbery occurred in a bank *parking lot*, but the interstate nexus was connected with the theft of proceeds from Domino's Pizza, a business whose activities clearly effect interstate commerce.  "While the Hobbs Act usually is applied to robberies of businesses, criminal acts directed toward individuals also may violate the Hobbs Act.  Robberies or extortions perpetrated upon individuals are prosecutable under the Hobbs Act when any one of the following three conditions are met: (1) the crime depletes the assets of an individual who is directly engaged in interstate commerce; (2) the crime causes the individual to deplete the assets of an entity engaged in interstate commerce; or (3) the number of individuals victimized or the sums involved are so large that there will be a cumulative impact on interstate commerce. See, e.g., U.S. v. Stephens, 964 F.2d 424 (5th Cir.1992); U.S. v. DeParias, 805 F.2d 1447 (11th Cir.1986), overruled on other grounds, U.S. v. Kaplan, 171 F.3d 1351 (11th Cir.), cert. denied, 528 U.S. 928, 120 S.Ct. 323, 145 L.Ed.2d 252 (1999); U.S. v. Farrell, 877 F.2d 870 (11th Cir.1989); U.S. v. Collins, 40 F.3d 95 (5th Cir.1994)."  See United States v. Diaz, 248 F.3d 1065, 1084 (11th Cir.2001).

*3) Defense counsel was ineffective for not preventing the court from failing ". . . to instruct the jury correctly (at the defendant's trial) on the element of a substantial affect on interstate commerce."*

There was no jury to instruct with regard to the defendant; he plead guilty pursuant to a written plea agreement.

*4) Defense counsel was ineffective for failing to insure adequate prior notice to the defendant before entry of his guilty plea that defendant's prior convictions may enhance his potential sentence, and allowing the court to use unconstitutionally obtained prior convictions to enhance that sentence without allowing the defendant an opportunity to challenge those convictions.*

This same argument was raised, unsuccessfully, on appeal, and the response to that allegation in Exhibit 1 is incorporated herein by reference.

*5) Defense counsel was ineffective for allowing the defendant to plead to offenses where the defendant did not brandish a firearm personally, and where the government failed to prove that the defendant aided and abetted others in so doing.*

This same argument was raised, unsuccessfully, on appeal, and the response to that allegation in Exhibit 1 is incorporated herein by reference.

## II.  STATEMENT OF EVIDENTIARY HEARING

Although Section 2255 mandates the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the petitioner is entitled to no relief," the defendant must support his allegations with at least a proffer of some credible supporting evidence.  Ferguson v. United States, 699 F.2d 1071, 1072 (11th Cir. 1983).  A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991); Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted).

Wherefore, the United States respectfully requests that the petition be denied without an evidentiary hearing.

THEREFORE, the defendant's § 2255 petition, for the reasons stated above, should be denied.

Respectfully submitted,

GREGORY R. MILLER
United States Attorney
*/s/ Thomas P. Swaim*
Thomas P. Swaim
Assistant United States Attorney
North Carolina Bar No. 10064
21 E. Garden Street, Suite 400
Pensacola, Florida 32502-5675
850/444-4000

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served via regular U.S. mail to Defendant Demetrus Donni Howard, Reg.# 05674-017, at USP Coleman, P.O. Box 1033, Coleman Florida 33521, on this the 5th day of May 2006.

*/s/ Thomas P. Swaim*
Thomas P. Swaim
Assistant United States Attorney

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

### ECCA NO. 03-16396-HH

### UNITED STATES OF AMERICA
**Appellee,**

### vs.

### DEMETRUS DONNI HOWARD
**Defendant/Appellant**

### BRIEF OF APPELLEE
### UNITED STATES OF AMERICA

---

## APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA

**GREGORY R. MILLER**
**United States Attorney**

**TERRY   FLYNN**
**Assistant United States Attorney**
**Northern District of Florida**
**111 North Adams Street, 4th Floor**
**Tallahassee, Florida 32301**
**(850) 942-8430**

EXHIBIT 1

## <u>CERTIFICATE OF INTERESTED PERSONS</u>

Counsel for Appellee, United States of America, certifies that in addition

to the persons listed in Appellant's Certificate of Interested Persons, the

following persons and entities have or may have an interest in the outcome of

this case.

**TERRY FLYNN**, Assistant United States Attorney

**E. BRYAN WILSON**, Assistant United States Attorney

I HEREBY CERTIFY the above constitutes a complete list of interested

persons to this appeal as described in Rules of the United States Court of

Appeals for the Eleventh Circuit Rev. (04/01/03), 11th Cir. R. 28-1(b), and 11th

Cir. R. 26.1-1.

_____
Terry Flynn
Assistant United States Attorney

## **STATEMENT REGARDING ORAL ARGUMENT**

The government does not request oral argument in that it believes the issues and arguments can be adequately addressed in the briefs.

# TABLE OF CONTENTS

PAGE(S)

CERTIFICATE OF INTERESTED PERSONS . . . . . . . . . . . . . . . . . . . . . C1 of 1

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . viii

STATEMENT OF THE ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE

    (i)  Course of Proceedings and Disposition in the Court Below . . . . . . . . 2

    (ii)  Statement of the Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    (iii)  Standard or Scope of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ARGUMENT AND CITATIONS OF AUTHORITY

    ISSUE I:  WHETHER THE DISTRICT COURT
                PROPERLY EXERCISED ITS DISCRETION
                WHEN IT DENIED DEFENDANT'S MOTION
                TO WITHDRAW HIS PLEA OF GUILTY? . . . . . . . . . . . . 9

    ISSUE II:  WHETHER THE EVIDENCE SUPPORTED
                A SEVEN YEAR SENTENCE FOR THE
                BRANDISHING OF A WEAPON BY
                DEFENDANT'S CO-DEFENDANT? . . . . . . . . . . . . . . . . 15

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

CERTIFICATE OF SERVICE ...................................... 20

# TABLE OF CITATIONS

CASES:                                                                    PAGE(S)

*Esslinger v. Davis*, 44 F.3d 1515 (11th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . 12

*Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406 (2002) . . . . . . . . . . . . . 15

*Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366 (1985) . . . . . . . . . . . . . . . . . . . . . 12

*Pinkerton v. United States*, 328 U.S. 640, 66 S.Ct. 1180 (1946) . . . . . . . . 17, 18

*United States v. Bazemore*, 138 F.3d 947 (11th Cir. 1998) . . . . . . . . . . . . . . . 18

*United States v. Bozza*, 132 F.3d 659 (11th Cir. 1998) . . . . . . . . . . . . . . . . . . 12

*United States v. Buckles*, 843 F.2d 469 (11th Cir. 1988),

    *cert. denied*, 490 U.S. 1099, 109 S.Ct. 2450 (1989) . . . . . . . . . . . . . . 9, 14

*United States v. Cover*, 199 F.3d 1270 (11th Cir. 2000) . . . . . . . . . . . . . . 17, 18

*United States v. Diaz*, 248 F.3d 1065 (11th Cir. 2001) . . . . . . . . . . . . . . . . . . 16

*United States v. Freixas*, 332 F.3d 1314 (11th Cir. 2003) . . . . . . . . . . . . . 6, 9, 13

*United States v. Geffrard*, 87 F.3d 448 (11th Cir.),

    *cert. denied*, 519 U.S. 985, 117 S.Ct. 442 (1996) . . . . . . . . . . . . . . . . . . . 6

*United States v. Gray*, 260 F.3d 1267 (11th Cir. 2001),

    *cert. denied*, 536 U.S. 963, 122 S.Ct. 2672 (2002) . . . . . . . . . . . . . . . . . 16

*United States v. Hamblin*, 911 F.2d 551 (11th Cir. 1990),

    *cert. denied*, 500 U.S. 943, 111 S.Ct. 2241 (1991) . . . . . . . . . . . . . . . . . 18

*United States v. Johnson*, 89 F.3d 778 (11th Cir. 1996) . . . . . . . . . . . . . . . . . . 14

*United States v. Martinez*, 924 F.2d 209 (11th Cir.),

    *cert. denied*, 502 U.S. 870, 112 S.Ct. 203 (1991) . . . . . . . . . . . . . . . . . 18

*United States v. McCarty*, 99 F.3d 383 (11th Cir. 1996) . . . . . . . . . . . . . . . . . 13

*\*United States v. Medlock*, 12 F.3d 185 (11th Cir.),

    *cert. denied*, 513 U.S. 864, 115 S.Ct. 180 (1994) . . . . . . . . . . . . . . 13, 14

*United States v. Molina*, 106 F.3d 1118 (2nd Cir.),

    *cert. denied*, 520 U.S. 1247, 117 S.Ct. 1859 (1997) . . . . . . . . . . . . . . . 18

*United States v. Najjar*, 283 F.3d 1306 (11th Cir.),

    *cert. denied*, 537 U.S. 823, 123 S.Ct. 108 (2002) . . . . . . . . . . 6, 9, 13, 14

*United States v. Pearson*, 910 F.2d 221 (5th Cir. 1990),

    *cert. denied*, 498 U.S. 1093, 111 S.Ct. 977 (1991) . . . . . . . . . . . . . . . . . 12

*\*United States v. Pease*, 240 F.3d 938 (11th Cir.),

    *cert. denied*, 534 U.S. 967, 122 S.Ct. 381 (2001) . . . . . . . . . . . . . . . . . 11

*\*United States v. Pringle*, 350 F.3d 1172 (11th Cir. 2003) . . . . . . . . . . . 6, 16, 19

*United States v. Quinones*, 97 F.3d 473 (11th Cir. 1996) . . . . . . . . . . . . . . . . . 14

*United States v. Tyndale*, 209 F.3d 1292 (11th Cir. 2000) . . . . . . . . . . . . . . . . . 13

# <u>OTHER AUTHORITIES</u>

Federal Rules of Criminal Procedure . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12, 14

Title 18, United States Code, Section 2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

Title 18, United States Code, Section 924(c) . . . . . . . . . . . 2, 3, 7, 15, 16, 18, 19

Title 18, United States Code, Section 1951(a) . . . . . . . . . . . . . . . . . . . . . . . . . 2

Title 18, United States Code, Section 3147 . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Title 18, United States Code, Section 3742 . . . . . . . . . . . . . . . . . . . . . . . . . viii

Title 28, United States Code, Section 1291 . . . . . . . . . . . . . . . . . . . . . . . . . viii

United States Sentencing Guidelines . . . . . . . . . . . . . . . . . . . . . . 5, 13, 16, 17, 19

# STATEMENT OF JURISDICTION

This is an appeal from a final judgment of the district court in a criminal case.   Jurisdiction lies pursuant to Title 28, United States Code, Section 1291. Jurisdiction is also invoked under Title 18, United States Code, Section 3742, which allows the defendant to appeal a sentence imposed in violation of the law or as a result of an incorrect application of the sentencing guidelines.

## STATEMENT OF ISSUES

### ISSUE ONE

**WHETHER THE DISTRICT COURT ABUSED ITS DISCRETION WHEN IT DENIED DEFENDANT'S MOTION TO WITHDRAW HIS PLEA OF GUILTY?**

### ISSUE TWO

**WHETHER THE DISTRICT COURT ERRED WHEN IT IMPOSED A SEVEN YEAR SENTENCE FOR THE BRANDISHING OF A WEAPON BY DEFENDANT'S CO-DEFENDANT?**

# STATEMENT OF THE CASE

## *(i) Course of proceedings and dispositions in the court below.*

On June 18, 2003, Defendant/Appellant Demetrus Donni Howard, along with William David Dickinson, was indicted and charged in Count One with armed robbery affecting interstate commerce, in violation of Title 18, United States Code, Sections 1951(a) and 2; and in Count Two with using, carrying and brandishing a firearm in relation to the armed robbery, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.  (Doc 1)   On July 8, 2003, the government filed a Supplemental Enhancement Information advising Defendant and Dickinson they faced increased penalties pursuant to Title 18, United States Code, Section 924(c)(1)(A)(ii) and 2.  (Doc 19)   On August 13, 2003,  Defendant pleaded guilty to both counts pursuant to a written plea agreement.  (Docs 34, 45)

On September 23, 2003, the Presentence Report (PSR) was transmitted to Defendant's attorney.  (Doc 40)   On October 14, 2003, Defendant filed a motion to withdraw his plea of guilty, which was opposed by the government. (Docs 44, 46, 50)   At Defendant's request, on October 28, 2003, Defendant's attorney, Spiro T. Kypreos, was permitted to withdraw and new counsel, Robert A. Dennis, was appointed.  (Docs 48, 63)   On November 25, 2003, Defendant

was sentenced to a 240 month term of imprisonment on Count One, and a consecutive 84 month term of imprisonment on Count Two, to be followed by a five year term of supervised release, and ordered to pay a $700.00 fine and restitution in the amount of $1,782,24.  (Docs 51, 53, 66)   On November 26, 2003, Defendant's motion to withdraw his plea was denied.  (Doc 52) Defendant filed a timely notice of appeal.  (Doc 54)

### *(ii)*   *Statement of the facts*.

In the Supplemental Enhancement Information filed by the government on July 8, 2003, five weeks prior to entry of Defendant's plea, Defendant was advised he faced increased penalties pursuant to Title 18, United States Code, Section 924(c)(1)(A)(ii) and 2 because Defendant supplied Dickinson with a firearm, and Dickinson brandished that firearm during the robbery.  (Doc 19) On August 13, 2003, Defendant pleaded guilty to both counts pursuant to a written plea agreement.  (Docs 34, 45)   The plea agreement stated that Defendant faced up to twenty years' imprisonment on Count One and "a minimum/mandatory seven (7) years to life" on Count Two.  (Doc 34 - Pg 2) The plea agreement stated,

> In pleading guilty, the defendant acknowledges that were the case to go to trial, the government would present evidence in support of these charges, to specifically include that on or about October 21,

2002, the defendant agreed to participate in an armed robbery, and furthermore did supply the gun used by his co-defendant, William Dickinson, to commit an armed robbery involving employees of Domino's Pizza while those employees were attempting to make a night deposit of sales proceeds at [sic] the Bank of Pensacola on Bayou Boulevard, Pensacola, Florida; the defendant was also present at the robbery waiting as the "get away" driver when Dickinson brandished that firearm during the course of the robbery, as outlined in Counts One and Two of the indictment.

(*Id.* at 5-6)   During rearraignment, Defendant admitted that the following statement by the prosecutor was true and correct:

The defendant knew that a gun would be carried, used, or possessed in the course of that robbery and he was also personally present at the robbery waiting as the getaway driver when Dickinson, the codefendant, who has previously pled guilty before this same court, when Dickinson brandished that firearm during the course of the robbery.

(Doc 45 - Pg 9)   The prosecutor stated that Defendant faced up to twenty years' imprisonment on Count One and a minimum mandatory sentence of seven years to a maximum sentence of life imprisonment on Count Two and Defendant acknowledged that he understood the penalties.  (*Id.* at 10)   Defendant's counsel, Mr. Kypreos, advised the court,

I explained there is a **seven-year mandatory minimum** on Count II. . . . He's not stipulated that he - - to the brandishing element; that there is that potential aggravator.   I've explained to him even if the seven-year aggravator doesn't apply that he may be looking at five-year mandatory minimum aggravator to run **consecutive** to the first count.

> I've explained to him that under the guidelines, it would appear that either the five-year - - or at least a five-year mandatory minimum would apply, but there is a **maximum of life**.

(*Id.* at 14)(emphasis added).

Defendant had numerous prior convictions for burglary of a dwelling, grand theft (2 cases), battery (2 cases), attempted aggravated battery, and resisting an officer, resulting in 13 Criminal History points.  (PSR, paras. 33-41) He was sentenced as a career offender under USSG, Section 4B1.1, based upon two prior felony convictions for crimes of violence.  (PSR, para. 29)   This raised his total offense level by twelve levels to level 32, with a Criminal History Category VI, resulting in a guideline/statutory range of 210 to 240 months on Count One and 84 months consecutive on Count Two.  (PSR, paras. 63, 64 & Statement of Reasons)

In his Motion to Withdraw, Defendant did not contest his guilt or the facts underlying his guilty plea, but only the sentencing ramifications based upon his prior criminal history.  (Doc 44)   His motion disclosed,

> 2.   Before the plea counsel discussed with the defendant the maximum penalties he faced and the sentencing guidelines. Counsel explained that if the defendant was a career offender under the guidelines his score would go through the roof and that, depending on the circumstances, he could be facing 25 to 30 years or life.   Counsel asked if the defendant had two or more prior felonies.   The defendant was adamant that he had only one prior felony, a burglary. . . . The defendant then indicated that if he did

5

**not** score as a career offender, then he **wanted** to go to trial - the implication being that if he **did** score as a career offender that he did **not** want to go to trial because then he would be facing more time. Counsel then warned the defendant that sometimes the Probation Office finds convictions that the Government is not aware of and asked if he was certain that the burglary conviction was his only felony conviction in any jurisdiction. The defendant was adamant that he had only one prior felony.

(*Id.* at 1-2)(emphasis in original). In its response, the government averred that the codefendant had been sentenced, the witnesses excused and trial preparation ceased. (Doc 46 - Pg 3)

### *(iii)* <u>*Statement of the standard or scope of review.*</u>

The district court's denial of Defendant's motion to withdraw his plea of guilty is reviewed for an abuse of discretion. *United States v. Freixas*, 332 F.3d 1314, 1316 (11th Cir. 2003); *United States v. Najjar*, 283 F.3d 1306, 1309 (11th Cir.), *cert. denied*, 537 U.S. 823, 123 S.Ct. 108 (2002).

The district court's determination of "reasonable foreseeability" is a mixed question of law and fact, afforded due deference. *United States v. Pringle*, 350 F.3d 1172, 1177 (11th Cir. 2003). The sentencing court's factual findings are reviewed for clear error and its application of the law to the facts is reviewed *de novo*. *Id.; United States v. Geffrard*, 87 F.3d 448, 452 (11th Cir.), *cert. denied*, 519 U.S. 985, 117 S.Ct. 442 (1996).

# SUMMARY OF THE ARGUMENT

## ISSUE ONE

**THE DISTRICT COURT PROPERLY EXERCISED ITS DISCRETION WHEN IT DENIED DEFENDANT'S MOTION TO WITHDRAW HIS PLEA OF GUILTY.**

Defendant failed to set forth a fair and just reason to withdraw his plea. His counsel had warned him that he would be sentenced as a career offender if he had two prior felony convictions and that his sentences on both charges would run consecutive to each other, for a maximum term of life imprisonment. When he pled guilty, Defendant understood the nature of the charges and consequences of his plea.

Even if Defendant had established a fair and just reason, the district court would still be empowered to exercise its discretion to deny his motion to withdraw.

# ISSUE TWO

**THE EVIDENCE SUPPORTED A SEVEN YEAR SENTENCE FOR THE BRANDISHING OF A WEAPON BY DEFENDANT'S CO-DEFENDANT**.

Defendant received a minimum mandatory seven year sentence on Count Two pursuant to Title 18, United States Code, Section 924(c)(1)(A)(ii) based upon the brandishing of a firearm by his accomplice.   This was not error, because Defendant gave his accomplice a firearm to carry when they committed the robbery.   The government was not required to establish that Defendant knew his accomplice would brandish the firearm, only that it was reasonably foreseeable that the accomplice would do so, as a natural consequence of their unlawful agreement to commit the robbery.

# ARGUMENT AND CITATIONS OF AUTHORITY

## ISSUE ONE

## THE DISTRICT COURT PROPERLY EXERCISED ITS DISCRETION WHEN IT DENIED DEFENDANT'S MOTION TO WITHDRAW HIS PLEA OF GUILTY.

Defendant argues the district court abused its discretion when it denied his motion to withdraw his plea of guilty, asserting that his three reasons, taken together, demonstrated a fair and just reason for granting his request under Fed. R. Cr. P. Rule 11(d)(2)(B). (Appellant's brief at 19, 21-25)

> In determining whether a defendant has shown a fair and just reason, the district court evaluates the totality of the circumstances, including "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea."

*United States v. Freixas*, 33 F.3d 1314, 1318 (11th Cir. 2003); *United States v. Najjar*, 283 F.3d 1306, 1309 (11th Cir.), *cert. denied*, 537 U.S. 823, 123 S.Ct. 108 (2002), quoting *United States v. Buckles*, 843 F.2d 469, 472 (11th Cir. 1988), *cert. denied*, 490 U.S. 1099, 109 S.Ct. 2450 (1989).

The three reasons stated by Defendant are, (1) his attorney allegedly

failed to tell him the career criminal ramifications of his plea; (2) he complained about his first attorney's alleged ineffectiveness in a timely manner; and (3) the plea agreement and plea colloquy allegedly failed to clearly explain he faced a mandatory consecutive sentence on Count Two. (*Id.*) He argues the government failed to demonstrate how it would be prejudiced and the judicial system would not have been extraordinarily impacted by the granting of his motion. (*Id.* at 19, 23-25)

The record refutes Defendant's assertions. Defendant was well aware of the potential sentence he faced at the time of his plea. In his Motion to Withdraw, Defendant admits hearing his counsel clearly explain that if the probation office discovered two prior felony convictions, Defendant would be sentenced as a career offender and the guideline range would "go through the roof":

> 2. Before the plea counsel discussed with the defendant the maximum penalties he faced and the sentencing guidelines. Counsel explained that if the defendant was a career offender under the guidelines his score would go through the roof and that, depending on the circumstances, he could be facing 25 to 30 years or life. Counsel asked if the defendant had two or more prior felonies. The defendant was adamant that he had only one prior felony, a burglary. . . . The defendant then indicated that if he did **not** score as a career offender, then he **wanted** to go to trial - the implication being that if he **did** score as a career offender that he

did **not** want to go to trial because then he would be facing more
time.   Counsel then warned the defendant that sometimes the
Probation Office finds convictions that the Government is not
aware of and asked if he was certain that the burglary conviction
was his only felony conviction in any jurisdiction.   The defendant
was adamant that he had only one prior felony.

(Doc 44 - Pgs 1-2)(emphasis in original).   In addition, at rearraignment,

Defendant's counsel, Mr. Kypreos, advised the court,

> I explained there is a **seven-year mandatory minimum** on Count
> II. . . . He's not stipulated that he - - to the brandishing element; that
> there is that potential aggravator.   I've explained to him even if the
> seven-year aggravator doesn't apply that he may be looking at five-
> year mandatory minimum aggravator to run **consecutive** to the first
> count.
>         I've explained to him that under the guidelines, it would
> appear that either the five-year - - or at least a five-year mandatory
> minimum would apply, but there is a **maximum of life**.

(Doc 45 - Pg 14)(emphasis added).

Defendant was further advised in the plea agreement and at rearraignment

that he faced a maximum twenty (20) year sentence on Count One and a

minimum mandatory sentence of seven (7) years **to life** on Count Two.  (Doc 34;

Doc 45 - Pg 10) Defendant's sentence of 324 months [27 years] was less than

life imprisonment. Therefore, an erroneous estimate of the actual sentence, if

any, would not have rendered  Defendant's plea involuntary.  *United States v.*

*Pease*, 240 F.3d 938, 941 (11ᵗʰ Cir.), *cert. denied*, 534 U.S. 967, 122 S.Ct. 381 (2001).[3]

Even if true, the reasons asserted by Defendant, viewed separately or jointly, do not mandate withdrawal of his plea.   Rule 11(c) does not require the court to explain that a career offender enhancement or any other sentencing enhancement might affect a defendant's sentence before accepting his plea of guilty.  *United States v. Bozza*, 132 F.3d 659, 662 (11ᵗʰ Cir. 1998)(Section 2J1.7 enhancement), quoting *United States v. Pearson*, 910 F.2d 221, 223 (5ᵗʰ Cir. 1990)(Section 4B1.1 career offender enhancement), *cert. denied*, 498 U.S. 1093, 111 S.Ct. 977 (1991).   As noted by the government in its Amended Response to

---

[3]One exception to this was based upon narrow facts.  *Esslinger v. Davis*, 44 F.3d 1515, 1529-30 (11ᵗʰ Cir. 1995).   In *Esslinger*, where the court failed to inform the defendant of the statutory mandatory minimum and his counsel did not know the extent of his prior criminal history at the time of rearraignment, counsel was found to have been ineffective when the defendant's prior criminal history mandated a sentence of 99 years or life:

> We do not hold that an attorney who recommends a blind plea inherently fails to perform as required by the Sixth Amendment.  We merely say that under the circumstances present in this case, in which there is "a reasonable probability that . . . [the defendant] would not have pleaded guilty [to first degree rape] and would have insisted on going to trial," . . . counsel's recommendation that his client enter a blind guilty plea constituted ineffective assistance of counsel.

*Esslinger*, 44 F.3d at 1530, quoting *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370 (1985).

Defendant's Motion to Withdraw Plea (Doc 46), Defendant's allegation that he did not know the sentencing ramifications of his prior history does not constitute a "fair and just reason" to withdraw his plea of guilty. *Freixas*, 332 F.3d at 1318; *Najjar*, 283 F.3d at 1309.

The Eleventh Circuit held that a defendant's claim he pled guilty because he mistakenly thought he was subject to the Armed Career Criminal provisions, was not a sufficient basis to withdraw his plea. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir.), *cert. denied*, 513 U.S. 864, 115 S.Ct. 180 (1994). Further, where a district court failed to allocute about restitution at rearraignment, the mistake was harmless error because the plea agreement acknowledged the defendant's obligation to make restitution. *United States v. McCarty*, 99 F.3d 383, 386-87 (11th Cir. 1996).

This court has likewise found no plain error where a defendant pleaded guilty to a drug offense, but was not advised that his minimum mandatory sentence would be enhanced by up to ten years under Title 18, United States Code, Section 3147 and three levels under USSG, Section 2J1.7, because the defendant had been advised that the Sentencing Guidelines would affect his sentence. *United States v. Tyndale*, 209 F.3d 1292, 1294-95 (11th Cir. 2000). *Tyndale* held that because the zero-to-ten year sentence mandated by Section

3147 could be satisfied with a *de minimus* enhancement; lack of notice did not affect the defendant's awareness of the direct consequences of his plea. 209 F.3d at 1294-95. *See also*, *United States v. Quinones*, 97 F.3d 473, 475 (11th Cir. 1996)(plain error where the record failed to show that the defendant knew or understood the elements of the offense).

Even if Defendant's three reasons had amounted to a fair and just reason, the court would not have been required to grant his motion to withdraw his plea. Rule 11(d)(2)(B) states, "[i]f a motion to withdraw a plea of guilty or *nolo contendere* is made before sentence is imposed, the court **may permit** the plea to be withdrawn if the defendant shows any fair and just reason." (emphasis added). A defendant does not have an absolute right to withdraw a plea of guilty. *Medlock*, 12 F.3d at 187; *Buckles*, 843 F.2d at 471. When a defendant provides a "fair and just reason" for withdrawing his plea, the court is empowered, but not compelled, to grant the motion. *Najjar*, 283 F.3d at 1307 (the court **may permit** the defendant to withdraw his plea and is reversed only if the court's decision is "arbitrary or unreasonable."); *United States v. Johnson*, 89 F.3d 778, 784 (11th Cir. 1996)(same).

Defendant failed to set forth a fair and just reason to withdraw his plea. His counsel had warned him that he would be sentenced as a career offender if

he had two prior felony convictions and that his sentences on both charges would run consecutive to each other, for a maximum term of life imprisonment. When he pled guilty, Defendant understood the nature of the charges and consequences of his plea. Even if Defendant had established a fair and just reason, the district court would still be empowered to exercise its discretion to deny his motion to withdraw.

The district court did not abuse its discretion when it denied Defendant's motion to withdraw his guilty plea and Defendant's argument should be rejected.

## ISSUE TWO

**THE EVIDENCE SUPPORTED A SEVEN YEAR SENTENCE FOR THE BRANDISHING OF A WEAPON BY DEFENDANT'S CO-DEFENDANT**.

Defendant argues the sentencing court committed reversible error when it imposed a seven year consecutive sentence, based upon Title 18, United States Code, Section 924(c)(1)(A)(ii), rather than a five year consecutive sentence, based upon Section 924(c)(1)(A)(i). (Appellant's brief at 19-20, 25-29) Defendant acknowledges that the additional two years was a sentencing factor, not an element of Section 924(c). (Appellant's brief at 25) *See*, *Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406 (2002); *United States v. Gray*, 260

F.3d 1267, 1280-82 (11th Cir. 2001), *cert. denied*, 536 U.S. 963, 122 S.Ct. 2672 (2002).

Defendant admits he knew his co-defendant would carry a firearm. (Appellant's brief at 19-20, 27)   Defendant argues the government failed to prove by a preponderance of the evidence he **knew in advance** his co-defendant would brandish the firearm and argues such a conclusion would be speculative. (*Id.* at 19-20, 25-28)   To the contrary, it was Defendant who failed to persuade the court it was not foreseeable that his co-defendant would brandish the firearm during the robbery.   *See*, *United States v. Pringle*, 350 F.3d 1172, 1178 (11th Cir. 2003)(defendant failed to rebut the sentencing court's findings of reasonable foreseeability); *United States v. Diaz*, 248 F.3d 1065, 1100 (11th Cir. 2001)(Section 924(c) conviction would be upheld absent proof that an accomplice's use of a firearm was not foreseeable).

Under USSG, Section 1B1.3(a)(1)(B), Defendant's sentencing guideline range was properly enhanced based upon the " reasonably foreseeable acts" of his co-defendant in furtherance of their joint armed robbery.   *See*, *Pringle*, 350 F.3d at 1175-76.   The district court did not commit clear error when it concluded that co-defendant Dickinson's brandishing of the firearm was reasonably foreseeable to Defendant.   The term "brandish" means the firearm

was displayed or made known to the victim in order to intimidate the victim.

See, USSG, Section 1B1.1, comment (n.1(c))(2003).

It was reasonably foreseeable that Dickinson would brandish the firearm.

*See*, *United States v. Cover*, 199 F.3d 1270, 1278 (11th Cir. 2000).   When Cover

and two others robbed a bank, one accomplice used a gun to force victims to lie

on the floor.   *Cover*, 199 F.3d at 1272.   When the police arrived, the armed

accomplice escaped by carjacking and kidnaping a motorist at gunpoint.   *Id.* at

1273.   The appellate court held the district court did not err when it concluded

that it was reasonably foreseeable to Cover that his armed accomplice would use

the firearm to carjack and kidnap a motorist in order to make his escape.   *Id.* at

1274.[4]   *Cover* stated,

> "**Reasonably foreseeable" has never been limited to actions that
> were expressly agreed to by the co-conspirators.**   Rather, we
> have looked to the rationale found in *Pinkerton v. United States* to
> find that **an act is reasonably foreseeable if it is "'a   necessary or
> natural consequence of the unlawful agreement.'"** . . . The fact
> that the co-conspirators agreed to a plan that did not involve
> carjacking or abduction does not preclude the district court from

---

[4]Cover's sentence was reversed and remanded based upon the sentencing
court's application of a five-level enhancement under USSG, Section 2B3.1(b)(2)(C)
for brandishing, rather than a six level enhancement under Section 2B3.1(b)(2)(B) for
"otherwise us[ing]" a firearm.   *Id.* at 1277-79.

> finding that carjacking and abduction were reasonably foreseeable
> if "the original plan went awry" and the police became involved.

*Cover*, 199 F.3d at 1275(emphasis added), quoting *Pinkerton v. United States*, 328 U.S. 640, 648, 66 S.Ct. 1180, 1184 (1946); *United States v. Molina*, 106 F.3d 1118, 1121-22 (2nd Cir.), *cert. denied*, 520 U.S. 1247, 117 S.Ct. 1859 (1997); *United States v. Martinez*, 924 F.2d 209, 210 n.1 (11th Cir.), *cert. denied*, 502 U.S. 870, 112 S.Ct. 203 (1991).

Defendant's reliance upon *United States v. Bazemore*, 138 F.3d 947, 950 (11th Cir. 1998), is misplaced. (Appellant's brief at 25-28) Defendant confuses the proof necessary to convict for aiding and abetting a Section 924(c) offense with the proof necessary to justify imposition of the extra two year sentence enhancement under Section 924(c)(1)(A)(ii). *Bazemore* merely established that to be convicted of aiding and abetting a 924(c) firearms offense, a defendant had to have some reasonable belief that his accomplice would carry a firearm. 138 F.3d at 949, quoting *United States v. Hamblin*, 911 F.2d 551, 557 (11th Cir. 1990), *cert. denied*, 500 U.S. 943, 111 S.Ct. 2241 (1991). *Bazemore* did not require that a defendant have advance knowledge that an accomplice would brandish the firearm in order for the extra two year sentence enhancement to apply.

"[T]he criminal activity that the defendant agreed to jointly undertake, and the reasonably forseeable conduct of others in furtherance of that criminal activity, are not necessarily identical."   *Pringle*, 350 F.3d at 1178, *citing* USSG, Section 1B1.3 comment 2.

Defendant knew his accomplice would carry a firearm when they committed the robbery.   Indeed, Defendant supplied the firearm!   The plea agreement stated,

> [O]n or about October 21, 2002, the defendant agreed to participate in an armed robbery, and furthermore did supply the gun used by his co-defendant, William Dickinson, to commit an armed robbery involving employees of Domino's Pizza . . .; the defendant was also present at the robbery waiting as the "get away" driver when Dickinson brandished that firearm during the course of the robbery, as outlined in Counts One and Two of the indictment.

( Doc 34 - Pgs 5-6)   During rearraignment, Defendant admitted that the following statement by the prosecutor was true and correct:

> The defendant knew that a gun would be carried, used, or possessed in the course of that robbery and he was also personally present at the robbery waiting as the getaway driver when Dickinson, the codefendant, who has previously pled guilty before this same court, when Dickinson brandished that firearm during the course of the robbery.

(Doc 45 - Pg 9)   It was reasonably foreseeable that the accomplice would brandish the firearm during the robbery.   The district court properly imposed the seven year enhancement under Section 924(c)(1)(A)(ii) and there was no error.

## CONCLUSION

For the reasons stated above, the appellee asserts that the judgment of the district court should be affirmed.

Respectfully submitted,

GREGORY R. MILLER
United States Attorney

TERRY FLYNN
Assistant U.S. Attorney
Northern District of Florida
111 North Adams Street, 4th Floor
Tallahassee, Florida 32301
(850) 942-8430

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing have been mailed, postage prepaid, this 24th day of May 2004, to Chet Kaufman, Attorney for Defendant/Appellant Howard at 227 N. Bronough Street, Suite 4200, Tallahassee, FL 32301.   In addition, a copy was uploaded at _____ on the 24th day of May 2004.

_____
ATTORNEY