IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                              3:03cr68/LAC
                                                 3:06cv51/LAC/MD

DEMETRUS DONNI HOWARD

---

## REPORT AND RECOMMENDATION

This matter is before the court upon an amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255[1]  (doc.  82).  The government has filed a response (doc. 84) and the defendant has filed a reply  (doc. 86).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).   After a careful review of the record and the arguments presented, it is the opinion of the undersigned that defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied.

## I. BACKGROUND

Defendant was charged in two counts of a three count indictment with robbery affecting interstate commerce in violation of Title 18, U.S.C. § 1951(a) and 2, and with using, carrying and brandishing a firearm in relation to the aforementioned armed robbery,

---

[1]Defendant was required to file an amended motion because he had filed to sign the motion that was initially submitted to the court.

in violation of Title 18, U.S.C. § 924(c)(1)(A)(ii) and 2.  (Doc. 1).[2]  The government alleged that on the night of October 21, 2002, an employee of Domino's Pizza who had gone to a bank to make a night deposit of the day's proceeds was surprised by a man with a gun who demanded that the employee hand over the bags of money.  William David Dickinson is alleged to have actually committed the robbery, while defendant Demetrus Howard, who had supplied the weapon, waited nearby with a getaway car.

On July 8, 2003 the government filed a notice of supplemental enhancement information because defendant Dickinson had "brandished" the firearm during the course of the robbery, and defendant Howard had supplied the gun used in the robbery and otherwise aided and abetted in the commission thereof and the brandishing of the firearm. (Doc. 19).  Defendant was initially represented by appointed counsel Spiro T. Kypreos.  On August 4, 2003, the court held a case management hearing to resolve matters of concern raised by defendant in a letter to the court.  (Doc. 62).  Defendant subsequently entered into a written plea and cooperation agreement which was filed in open court on August 13, 2003 at the rearraignment proceeding.  (Doc. 34, 45).  During this proceeding the government explained the facts it would prove against the defendant at trial as follows:

The government's evidence at trial would show that Domino's Pizza is a business that affects interstate commerce and that its proceeds affect interstate commerce and that the knowing, willful, and unlawful robbery of Domino's proceeds from the employees of Domino's affects interstate commerce.

Specifically the evidence would also show that on or about October 21, 2002, the defendant agreed to participate in an armed robbery with his codefendant, William Dickinson, and specifically agreed to assist William Dickinson in committing an armed robbery involving employees of Domino's Pizza on the dates indicated in the indictment while those employees were attempting to make a night deposit of sales proceeds at the Bank of Pensacola on Bayou Boulevard here in Pensacola, Florida.

The defendant knew that a gun would be carried, used, or possessed in the course of that robbery and he was also personally present at the robbery

---

[2]Co-defendant William David Dickinson was also charged with being a convicted felon in possession of a weapon.

waiting as the getaway driver when Dickinson, the codefendant, who has previously pled guilty before this same court, when Dickinson brandished[3] that firearm during the course of the robbery, as generally outlined in Counts I and II of the indictment.

(Doc. 45 at 8-9). Defendant acknowledged what the AUSA had to say, that those facts were true and correct, and that he did what the government said he did. (Doc. 45 at 9). The AUSA went over the possible penalties defendant faced as set forth in the plea and cooperation agreement. Defendant stated that he understood that he faced up to twenty years imprisonment on count I and a minimum mandatory term of seven years to life on count II. (Doc. 45 at 10). He denied the existence of any promises or agreements not contained in the written document, and counsel certified to the court that he had reviewed the plea agreement with his client and that the defendant understood and appreciated the consequences of entering a plea based on the agreement, including the potential penalties he faced. (Doc. 45 at 13-14). The AUSA noted that the agreement provided the opportunity for defendant to cooperate with the government in exchange for a possible reduction in sentence. Defendant inquired whether he would be required to go to trial if the cooperation was not substantial, and the court explained he would not. (Doc. 45 at 15).

The PSR was sent to defense counsel on September 23, 2003. (Doc. 40). Although defendant had been informed at rearraignment that he would not be able to withdraw his plea once it was accepted (doc. 45 at 7), he filed a motion to withdraw the plea on October 14, 2003. (Doc. 44). The government responded in opposition. (Doc. 46, 50). A hearing was held on October 28, 2003, but the court continued the hearing so that conflict-free counsel could be appointed for the defendant. (Doc. 63 at 12). On November 25, 2003, the court resumed the hearing on the defendant's motion to withdraw his plea. Defendant was represented by AFPD Robert Dennis (doc. 66). The court denied the

---

[3]"Where the language of a statute proscribes several means by which the defendant might have committed a violation, the government may plead the offense conjunctively and satisfy its burden of proof by any of the means." *United States v. Cornillie*, 92 F.3d 1108, 1110 (11th Cir. 1996) (*United States v. Burton*, 871 F.2d 1566, 1573 (11th Cir. 1989)); *United States v. Still*, 102 F.3d 118, 124, (5th Cir. 1996) (applying same rationale in context of § 924(c) conviction by guilty plea) (citations omitted).

motion to withdraw the plea and proceeded to sentencing.  It imposed a sentence of 240 months imprisonment on count I and 84 months imprisonment on count II.  The court indicated that the sentence on count I was at the upper end of the applicable guideline range because defendant had committed perjury and obstructed justice.[4]  (Doc. 66 at 46). Defendant was also ordered to pay a $700.00 fine and restitution of $1,782.24, jointly and severally with co-defendant Dickinson.  (Doc. 51, 53, 66).

Defendant appealed the district court's denial of his motion to withdraw his guilty plea, and challenged the sufficiency of the evidence to support the district court's imposition of a 7-year mandatory minimum sentence on count II for brandishing.  Finding neither abuse of discretion nor error, the Eleventh Circuit affirmed.  (Doc. 79).  He had also moved to strike the briefs and for leave to file an amended brief to raise an argument pursuant to *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), which was denied.  (Doc. 79 at 2).  Defendant then filed a petition for writ of certiorari with the United States Supreme Court, again attempting to raise a *Blakely* claim.  The petition was denied.  *Howard v. United States*, 543 U.S. 1128, 125 S.Ct. 1096, 160 L.Ed.2d 1082 (2005).

In the present motion, defendant raises four grounds for relief, each of which would be procedurally barred but for the fact that they are all couched in terms of ineffective assistance of counsel.[5]

## II.  LEGAL ANALYSIS

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal.  *Massaro v. United States,* 538 U.S. 500, 503, 123 S.Ct.

---

[4]Although defendant admitted and the motion/sentencing hearing in open court that he had committed perjury, and continued to give inconsistent statements under oath, it does not appear that he was ever separately prosecuted for this offense.  (Doc. 66 at 19, 22, 44-46).

[5]The government identifies a fifth ground for relief, a *Blakely* claim, but that claim appears only in the section where defendant is asked to explain the grounds raised in his petition for certiorari, and is not re-asserted here.

1690, 1693, 155 L.Ed.2d 714 (2003); *see also United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002); *United States v. Jiminez*, 983 F.2d 1020, 1022, n. 1 (11th Cir. 1993). To show a violation of his constitutional right to counsel, defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy.  *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d (1984); *Williams v. Taylor*, 529 U.S. 362, 390, 120 S.Ct. 1495, 1511, 146 L.Ed.2d 389 (2000).   "*Strickland's* two-part test also applies where a prisoner contends ineffective assistance led him or her to enter an improvident guilty plea." *Yordan v. Dugger,* 909 F.2d 474, 477 (11th Cir. 1990) (citing  *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).   In applying *Strickland*, the court may dispose of an ineffective assistance claim if defendant fails to carry his burden on either of the two prongs.  466 U.S. at 697, 104 S.Ct. at 2069.

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Id*. at 688, 104 S.Ct. at 2065; *see Atkins v. Singletary*, 965 F.2d 952 (11th Cir. 1992).  "[R]eviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." *Yordan v. Dugger*, 909 F.2d 474, 477 (11th Cir. 1990) (citing *Harich v. Dugger*, 844 F.2d 1464, 1469 (11th Cir. 1988); *Chandler v. United States,* 218 F.3d 1305, 1314 (11th Cir. 2000); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation")).   Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*,  466 U.S. at 689, 104 S.Ct. at 2065.  To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take."  *United State v. Freixas*, 332 F.3d 1314, 1319-1320 (11th Cir. 2003). (quoting *Brownlee v. Haley*, 306 F.3d 1043, 1059 (11th Cir. 2002)(quoting *Strickland*, 466 U.S. at 687, 689-90, 104 S.Ct. at 2064-66 and *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc)).   When examining the performance of an experienced trial

counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d at 1316 n. 18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.  For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369-70, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).  Defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687). Or in the case of alleged sentencing errors, defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203-04, 121 S.Ct. 696, 700-01, 148 L.Ed.2d 604 (2001).  A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.*

Counsel is not ineffective for failing to preserve or argue a meritless claim.  *See Brownlee v. Haley,* 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise non-meritorious issue); *Meeks v. Moore*, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not ineffective for failing to make meritless motion for change of venue); *Jackson v. Herring*, 42 F.3d 1350, 1359 (11th Cir. 1995) (counsel need not pursue constitutional claims which he reasonably believes to be of questionable merit); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (counsel was not ineffective for informed tactical decision not to make what he believed was a meritless motion challenging juror selection procedures where such a motion has never been sustained because such a motion would not have been successful).

To establish ineffective assistance, defendant must provide factual support for his contentions regarding counsel's performance.  *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir.), *cert. denied*, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 133 (1987).  Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test.  *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (citing *Blackledge*, 431 U.S. at 74, 97 S.Ct. at 1629).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between."  *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).  This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted.  *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000), *cert. denied*, 122 S.Ct. 234 (2001).

Defendant's first ineffective assistance of counsel claim is that counsel failed to object to the court's lack of criminal, territorial, subject matter and personal jurisdiction to prosecute him because the bank involved was not federally insured, and because the government failed to prove that the case involved a substantial affect on interstate commerce.  In fact, a bank was only tangentially involved in the offense conduct, because the robbery took place in a bank parking lot.  The Domino's employees who were in possession of the day's proceeds had taken the money to a bank to effectuate a night deposit, and it was there that defendant Dickinson committed the robbery.  Thus, whether the bank was federally insured is irrelevant to the defendant's case.  The government did not have to prove this fact and counsel was not ineffective for failing to hold the government to such proof.

Title 18 U.S.C. § 1951 et seq. is known as the Hobbs Act.  The Eleventh Circuit has held that:

> While the Hobbs Act usually is applied to robberies of businesses, criminal acts directed toward individuals also may violate the Hobbs Act. Robberies or extortions perpetrated upon individuals are prosecutable under the Hobbs Act when any one of the following three conditions are met: (1)

the crime depletes the assets of an individual who is directly engaged in interstate commerce; (2) the crime causes the individual to deplete the assets of an entity engaged in interstate commerce; or (3) the number of individuals victimized or the sums involved are so large that there will be a cumulative impact on interstate commerce. See, e.g., *United States v. Stephens*, 964 F.2d 424 (5th Cir. 1992); *United States v. DeParias*, 805 F.2d 1447 (11th Cir. 1986), overruled on other grounds, *United States v. Kaplan*, 171 F.3d 1351 (11th Cir.), *cert. denied*, 528 U.S. 928, 120 S.Ct. 323, 145 L.Ed.2d 252 (1999); *United States v. Farrell*, 877 F.2d 870 (11th Cir. 1989); *United States v. Collins*, 40 F.3d 95 (5th Cir. 1994).

*United States v. Diaz*, 248 F.3d 1065, 1084-1085 (11th Cir. 2001).  A conviction under the Hobbs Act requires proof of minimal, not substantial effect on interstate commerce. *United States v. Verbitskaya*, 406 F.3d 1324, 1331 (11th Cir. 2005).  "In determining whether there is a minimal effect on commerce, each case must be decided on its own facts,"   *United States v. Carcione*, 272 F.3d 1297, 1301 n. 6 (11th Cir. 2001).  In this case, the commercial victim of the robbery, Domino's Pizza, is a chain pizza delivery service that operates in many states.  Therefore, it clearly has at least a minimal effect on interstate commerce.  Defendant has offered no cogent argument that counsel could have presented proving otherwise.  Hence, he is not entitled to relief.

Defendant's second claim also relates to the issue of "interstate commerce."  He maintains, erroneously, that there must be a substantial affect on interstate commerce for federal prosecution of an offense pursuant to 18 U.S.C. § 1951, and that "the district court failed to instruct the jury correctly on the element of a substantial affect on interstate commerce as established in *United States v. Lopez*, 514 U.S. 549 (1996)."  Because he entered a plea of guilty, and thus there was no jury in this case, the defendant's claim has no factual or legal basis and he is not entitled to relief.  Furthermore, as noted above, a "minimal" effect on interstate commerce suffices under the statute a controlling case law. *Verbitskaya*, *supra*.

Defendant next contends that counsel was ineffective because he did not object to the fact that the defendant's sentence was enhanced by his prior convictions without notice provided prior to his guilty plea, as required by the Fifth Amendment and Title 21 U.S.C. § 851(a).  He also states that the district court used unconstitutional prior convictions to

enhance his sentence, without allowing him the opportunity to contest those convictions pursuant to § 851(b) and (c).  Again, defendant's argument is without factual or legal basis. Title 21 U.S.C. § 851 applies to controlled substance offenses, not to Hobbs Act violations. Furthermore, his sentence was not "enhanced" pursuant to 21 U.S.C. § 851(a), but rather pursuant to ordinary guidelines calculations in accordance with which he was determined to be a career offender. He had the opportunity to object to the convictions listed in the presentence investigation report if he chose to do so.

Finally, defendant maintains that counsel was ineffective for failing to assert that the defendant is actually innocent of violating 18 U.S.C. § 924(c) because he neither personally used, carried or brandished a firearm nor aided and abetted in the using, carrying, or brandishing of a firearm.  In addressing the defendant's challenge to his 7 year sentence for brandishing a firearm, the Eleventh Circuit considered the quantum of proof necessary to secure a conviction for aiding and abetting and found the defendant's conviction was supported by the facts of this case.  (Doc. 79 at 5-6, citing *United States v. Williams*, 334 F.3d 1228, 1232 (11th Cir. 2003)).  The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal.  *United States v. Nyhuis,* 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994), *cert. denied*, 514 U.S. 1112, 115 S.Ct. 1966, 131 L.Ed.2d 856 (1995); *United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981).  Therefore, defendant is not entitled to relief.

Based on the foregoing, it is respectfully RECOMMENDED:

The amended motion to vacate, set aside, or correct sentence (doc. 82) be DENIED.

At Pensacola, Florida, this 22nd day of June, 2006.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).